UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 20-154

**MARNA DAVIS,**                                                                **PLAINTIFF,**

v.                        **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY,**                     **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in January 2016, alleging disability beginning on December 31, 2013, due to carpal tunnel syndrome and neck pain. After an ALJ found that she was disabled beginning in January 2016, but was not disabled before then, Plaintiff appealed. The Appeals Council vacated the ALJ's decision and remanded for additional proceedings (Tr. 195-209, 216-21). On remand, an administrative hearing was conducted by Administrative Law Judge Nathan Brown (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Richard Cohen, M.D., an impartial medical expert and Gina Baldwin, a vocational expert (hereinafter "VE"), also

testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.  Plaintiff was 45 years old at the time she alleges became disabled.  She has at least a high school education and her past relevant work experience consists of work as a cashier/store clerk and a registered nurse.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, bilateral carpal tunnel syndrome, hepatitis C, bipolar disorder, anxiety disorder and alcohol abuse with alcohol-induced mood disorder, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments.

The ALJ further found that Plaintiff could not return to her past relevant work. The ALJ assessed Plaintiff's residual functional capacity ("RFC") for two different periods, one for her DIB claim and one for her SSI claim. In relation to Plaintiff's DIB claim, the ALJ found that she had the RFC to do a range of light work with manipulative, reaching, postural, and environmental limitations (the DIB RFC). In relation to Plaintiff's SSI claim, the ALJ found that, in addition to the limitations the ALJ found in relation to her DIB claim, she had several mental limitations (the SSI RFC).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.   Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh the medical opinion evidence and (2) the hypothetical posed to the VE was flawed and, as such, cannot be considered substantial evidence in support of the ALJ's decision.

### C.   Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly weigh the medical opinion evidence. Specifically, she asserts that the ALJ should not have adopted the opinion of Diosdado Irlandez, M.D., a consultative examiner and should have adopted the opinion of Jason Rice, M.D., a treating source.

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere.[1] Key among these is that greater deference is

---

[1] This case was filed in 2016, prior to the issuance of updated guidelines regarding the review of medical evidence.

4

generally given to the opinions of treating physicians than to those of non-treating physicians. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir.2004). If the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson,* 378 F.3d at 544.

If the ALJ finds that the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a several factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

In August 2016, State agency medical consultant Dr. Diosdado Irlandez reviewed the record to evaluate Plaintiff's physical abilities. He opined that Plaintiff had exertional abilities consistent with a range of light work (Tr. 163). Dr. Irlandez further opined that, due to her neck impairment and carpal tunnel syndrome, she had limitations on use of her right arm (Tr. 163-64).

In October 2016, Dr. Rice opined that Plaintiff had limitations that would effectively preclude all competitive full-time work (Tr. 927).

In December 2016, Phillips Tibbs, M.D., a neurosurgeon, performed neck surgery. Shortly after surgery, Plaintiff told Dr. Tibbs that she was "doing very well"—her right arm pain and abnormal sensation had resolved, she had improved strength, and she was "thoroughly pleased with the results" (Tr. 1044).

---

Therefore, the ALJ was required to assess the medical evidence in accordance with the previous framework.

In early 2017, Plaintiff said that her neck pain had improved (Tr. 968).

In mid-2017, she reported "great improvement with minimal to no pain" (Tr. 973).

In late 2017, she was "doing excellent" with "minimal to no pain" (Tr. 977).

Plaintiff reported she was doing "excellent" in mid-2018 (see Tr. 1612).

However, Dr. Rice's 2017 and 2018 recorded examination findings—when Plaintiff was "doing excellent" and had no pain—were the same as they had been before Plaintiff's surgery (see Tr. 969, 974, 978, 1603, 1609, 1613).

In January 2020, Dr. Rice opined that Plaintiff had the same limitations as he had opined in 2016 (Tr. 2017).

In assessing Dr. Rice's opinion of extreme limitation, the ALJ declined to give it controlling weight. Pursuant to the pertinent Regulations, the ALJ specifically stated his reasons for doing so. First, he pointed out that Dr. Rice's opinion, which was first articulated in 2016 then reiterated in 2020, after Plaintiff's surgery, was at odds with his own examination notes. He also noted that Dr. Rice's opinion was at odds with Plaintiff's own post-surgery reports of improvement. Finally, the ALJ pointed out that a 2019 neck x-ray showed only mild degenerative changes, consistent with his ultimate FRC of light work.

The Court finds that given the lack of support of Dr. Rice's opinion in his own notes and in the record, the ALJ's properly weighed Dr. Rice's opinion.

As for Dr. Irlandez opinion, the ALJ gave it some weight, finding it had support in imaging and examination findings. However, he noted that this opinion was rendered before Plaintiff's surgery. The Court finds no error in this regard.

6

Plaintiff's second claim of error is that the hypothetical questions posed to the VE in this case where The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony is supported by substantial evidence in the record.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of December, 2021.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge